JOHN SOE[1] *vs.* CHIEF OF POLICE OF WALTHAM & another.[2] November 23, 2004. *Sex Offender Registration and Community Notification Act. Sex Offender. Moot Question.*

John Soe, a level three sex offender, commenced an action in the Superior Court for declaratory and injunctive relief against the chief of police of Waltham (police chief), and the Sex Offender Registry Board (board) for violating his rights by posting his picture, personal information, and level three classification on the Waltham police department's website. Specifically, he claimed that the posting violated the Sex Offender Registration and Community Notification Act, G. L. c. 6, §§ 178C-178Q (act), as amended through St. 2003, c. 140, §§ 5, 11-14, and violated his State and Federal constitutional rights to due process and against double jeopardy and ex post facto laws. The parties filed cross motions for summary judgment. A judge allowed Soe's motion on the statutory ground, declined to reach the constitutional claims, and denied the defendants' motion. The defendants filed a notice of appeal. They also filed an application for direct appellate review. We allowed the application. No briefs have yet been filed in the case. In light of certain developments while the appeal has been pending, which are described below, the parties have filed motions seeking various forms of relief. We recount the background of the case and then address the pending motions.

*Background.* In 2003, the act was amended to require the board to publish level three sex offender information on the Internet, and to require the board to promulgate regulations to ensure the accuracy and validity of its Internet database. See St. 2003, c. 140, § 5.[3] The section of the act governing public dissemination of sex offender information by police departments, G. L. c. 6, § 178K (2) (*c*), was not amended. While that section authorized police departments to disseminate level three sex offender information "in such time and manner as such police department[s] . . . deem[] reasonably necessary," it did

---

[1]A pseudonym.

[2]Sex Offender Registry Board.

[3]In 2004, in compliance with the statute, the board promulgated regulations that require it to follow certain safeguards in creating, maintaining, and updating the sex offender database. See 803 Code Mass. Regs. § 1.32(3)(b)-(d) (2004).

not specifically authorize police departments to post such information on their websites. Nonetheless, following the 2003 amendments to the act, the board promulgated new regulations purporting to authorize police departments to post such information on their websites. See 803 Code Mass. Regs. § 1.33(2) (2004).

In the underlying action, Soe claimed that the police chief violated G. L. c. 6, § 178K (2) (*c*), because that section did not expressly authorize a police department to post level three sex offender information on its own website. He also claimed that the board exceeded the scope of its authority under the act by promulgating a regulation that allowed such postings. The judge agreed on both grounds, enjoined the police chief from posting personal information and photographs of sex offenders on the Waltham police department's website, and declared invalid the board's regulation allowing such postings.[4,5]

After this appeal was entered, the Legislature amended § 178K to permit police departments to publish level three sex offender information on the Internet. See St. 2004, c. 149, § 13. In addition, this court decided *Coe* v. *Sex Offender Registry Bd.*, *ante* 250 (2004), holding that the board's publication of level three sex offender information on the Internet does not violate art. 12 of the Declaration of Rights of the Massachusetts Constitution, on either due process or overbreadth grounds. These legal developments gave rise to the motions currently pending before the court, to which we now turn.

*Pending motions.* Soe has filed a motion requesting that the court stay the defendants' appeal and remand the case to the Superior Court for the judge to determine whether to reconsider and amend his ruling declaring 803 Code Mass. Regs. § 1.33(2) invalid, in light of St. 2004, c. 149, § 13; in the event the judge determines 803 Code Mass. Regs. § 1.33(2) to be valid, to determine whether any posting of sex offender information on the Waltham police department's website complies with the safeguards of 803 Code Mass. Regs. § 1.32(3)(b)-(d) (2004); and for resolution of "[a]ny other issues raised by Soe's complaint which merit reconsideration" in light of St. 2004, c. 149, § 13, and *Coe* v. *Sex Offender Registry Bd.*, *supra.*

The defendants have filed a motion requesting that the court issue a "summary disposition," ruling that 803 Code Mass. Regs. § 1.33(2) is valid, in light of St. 2004, c. 149, § 13, and remanding the case to the Superior Court to vacate the judgment to the contrary.[6] In the alternative, the defendants urge the court to "dismiss the appeal with instructions to the Superior Court to

---

[4]The judge did not reach Soe's constitutional challenges to the posting.

[5]The defendants unsuccessfully moved for reconsideration based on an amended version of 803 Code Mass. Regs. § 1.33(2) (2004). That version provides that (1) any police department that chooses to post level three sex offender information on its website must comply with the same safeguards that the board itself must follow to ensure the dissemination of accurate and valid data, see 803 Code Mass. Regs. § 1.32(3)(b)-(d); and (2) a police department may, in lieu of posting sex offender information on its own website, include a link to the board's website. See 803 Code Mass. Regs. § 1.33(2).

[6]The defendants also ask this court to "summarily rule" that 803 Code Mass. Regs. § 1.33(2) does not violate Soe's due process rights, in light of *Coe* v. *Sex Offender Registry Bd.*, *ante* 250 (2004). The judge below did not reach Soe's due process argument or other constitutional arguments. Moreover, the record currently before the court, aside from indicating that Soe raised a due process challenge below, does not present

vacate the judgment below . . . as moot insofar as [it] invalidated [803 Code Mass. Regs. § 1.33(2)] under the prior version of [§ 178K]." The defendants further assert that, were the case to be remanded, the police chief intends to file a motion pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), seeking relief from the injunction barring the Waltham police department from posting level three sex offender information on its website, and submitting evidence demonstrating the website's compliance with the safeguards required by 803 Code Mass. Regs. § 1.32(3)(b)-(d).

*Discussion.* The pending appeal is based on the defendants' claim that the 2003 version of the act authorized the promulgation of 803 Code Mass. Regs. § 1.33(2), which in turn authorized the posting of level three sex offender information on police department websites, and that the judge's ruling to the contrary is wrong. Whether the postings were authorized by the 2003 version of the act has become moot, however, because the Legislature amended the act in 2004 specifically to allow such postings. See St. 2004, c. 149, § 13. We therefore dismiss the defendants' appeal.

In light of the 2004 amendment, the judgment of the Superior Court invalidating 803 Code Mass. Regs. § 1.33(2) and enjoining the police chief from posting level three sex offender information on the Waltham police department's website must be vacated. The parties may pursue in the Superior Court any outstanding issues regarding the compliance of the Waltham Police Department's website with the procedural safeguards of 803 Code Mass. Regs. § 1.32(3)(b)-(d), and any remaining constitutional claims that Soe might seek to press.

*So ordered.*

---

any details of that argument. Because we remand the case for consideration of issues not yet resolved below, including any constitutional claims Soe wishes to press there in the first instance, we decline to address the effect of the *Coe* case on any such issues now.

